IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| DANIEL JOSEPH GLOGER, | ) | CASE NO. 05-82943-G3-7 |
| Debtor, | ) | |
| DARELL E. RODGERS, | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 06-8011 |
| DANIEL JOSEPH GLOGER, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

        The court has considered the motions for summary

judgment filed by Plaintiff and Defendant in the above captioned

adversary proceeding.  The following are the Findings of Fact and

Conclusions of Law of the court.  A separate Judgment will be

entered denying the motions.  To the extent any of the Findings

of Fact are considered Conclusions of Law, they are adopted as

such.  To the extent any of the Conclusions of Law are considered

Findings of Fact, they are adopted as such.

Findings of Fact

        On February 8, 2002, Plaintiff was injured in a

collision of Plaintiff's motorcycle with Defendant's truck.

        Defendant was indicted, with respect to the events of

February 8, 2002, in the County Court at Law No. 1 of Galveston,

Texas, on a charge of driving while intoxicated.   The first indictment was subsequently dismissed, on motion of the District Attorney of Galveston County, Texas, in light of the filing of a second indictment.

Defendant was indicted, with respect to the events of February 8, 2002, in the 122nd Judicial District Court of Galveston County, Texas, charged with intoxication assault.   The second indictment was subsequently dismissed, on motion of the District Attorney of Galveston County, Texas, in light of Defendant's payment of $25,000 in restitution.

Subsequently, Plaintiff filed suit against Defendant, in the 405th Judicial District Court of Galveston County, Texas, seeking compensatory damages and exemplary damages against Defendant.

On July 20, 2005, after a jury trial, the jury found that the negligence of Defendant proximately caused damage to Plaintiff.   No issue was submitted to the jury regarding gross negligence or exemplary damages.

On October 13, 2005, Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code.   A discharge was entered July 25, 2006.

On February 6, 2006, Plaintiff filed the complaint in the instant adversary proceeding, seeking to except the debt arising from the events of February 8, 2002 from discharge

pursuant to Section 523(a)(9) of the Bankruptcy Code.

The 405th Judicial District Court of Galveston County, Texas entered its final judgment on November 3, 2006 following a jury trial, awarding Plaintiff $525,545.99, plus prejudgment interest and costs of court.

<u>Conclusions of Law</u>

Section 523(a)(9) of the Bankruptcy Code provides that the discharge does not discharge an individual debtor from any debt:

> (9)  for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

11 U.S.C. § 523(a)(9).

The parties agree that the debt was a debt for personal injury caused by the debtor's operation of a motor vehicle.

In Defendant's motion for summary judgment, Defendant contends that the exclusion from the jury charge in the 405th Judicial District Court of an issue on gross negligence precludes a finding by this court that Defendant was intoxicated, and thus renders impossible Plaintiff's proof under Section 523(a)(9).

In Plaintiff's motion for summary judgment, Plaintiff contends that a lab report and a police report establish the element of intoxication as a matter of law.

Under Rule 56, Fed. R. Civ. P., as made applicable by Bankruptcy Rule 7056, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Under Texas law, collateral estoppel bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit.  A party must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action, (2) those facts were essential to the judgment in the first case, and (3) the parties were cast as adversaries in the first action.  Matter of Greenway, 71 F.3d 1177 (5th Cir. 1996), citing Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816 (Tex. 1984).

With respect to Defendant's motion, nothing in either the judgment of the 405th Judicial District Court or the remainder of the summary judgment evidence[1] contains specific findings on the question of intoxication.  Nor is such a finding necessary to the state court's determination to omit submission

---

[1]The court notes that a key piece of what might have been summary judgment evidence, an excerpt from a transcript of the state court trial, was not properly authenticated.  However, its contents likewise contain no specific findings regarding the question of intoxication.

to the jury of an issue on gross negligence.  The court concludes

that the judgment of the 405th Judicial District Court does not

preclude this court's consideration of the question of whether

Defendant was intoxicated.

          With respect to Plaintiff's motion, the purported

summary judgment evidence is not authenticated, and in any event

does not establish the absence of a genuine issue of material

fact.

          Based on the foregoing, a separate judgment will be

entered denying the motions for summary judgment, and setting a

schedule for trial, on the question of whether Debtor's operation

of a motor vehicle was unlawful because Debtor was intoxicated.

          Signed at Houston, Texas on April 26, 2007.


                              _____
                              LETITIA Z. CLARK
                              UNITED STATES BANKRUPTCY JUDGE