

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

```
                               )
IN RE                          )
                               )
DANIEL JOSEPH GLOGER,          )   CASE NO. 05-82943-G3-7
                               )
        Debtor,                )
                               )
DARELL E. RODGERS,             )
                               )
        Plaintiff,             )
v.                             )   ADV. NO. 06-8011
                               )
DANIEL JOSEPH GLOGER,          )
                               )
        Defendant.             )
                               )
```

## MEMORANDUM OPINION

The court has held a trial on the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

On February 8, 2002, Plaintiff was injured in a collision of Plaintiff's motorcycle with Defendant's truck.

Plaintiff filed suit against Defendant, in the 405th Judicial District Court of Galveston County, Texas, seeking compensatory damages and exemplary damages against Defendant.

On July 20, 2005, after a jury trial, the jury found that the negligence of Defendant proximately caused damage to Plaintiff. The jury determined that 99 percent of the negligence that caused the damage was attributable to Defendant. The jury determined that $251,600 would fairly and reasonably compensate Plaintiff for his injuries. (Plaintiff's Exhibit 5).

On October 13, 2005, Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code. A discharge was entered July 25, 2006.

On February 2, 2006, Plaintiff filed a proof of claim in the instant case, in the amount of $249,084, plus prejudgment interest.[1] (Defendant's Exhibit 4).

On February 6, 2006, Plaintiff filed the complaint in the instant adversary proceeding. In the complaint, Plaintiff requests that the debt be determined to be nondischargeable in the amount of $249,084, plus prejudgment interest, pursuant to Section 523(a)(9) of the Bankruptcy Code, on grounds the debt is for a personal injury caused by the debtor's unlawful operation of a motor vehicle because the debtor was intoxicated from using alcohol.

The 405th Judicial District Court of Galveston County, Texas entered its final judgment on November 3, 2006. The judgment recites that the court disregarded the jury's answer to

---

[1] This amount represents 99 percent of the $251,600 in damages found by the jury.

2

the issue on past medical expenses, and directed a verdict.  The court entered judgment awarding Plaintiff $525,545.99, plus prejudgment interest at $70.97 per day from July 20, 2005 through November 3, 2006,[2] and $3,610.07 in costs of court.  (Plaintiff's Exhibit 4).

The parties have stipulated that the injury was caused by Defendant's operation of the vehicle, and that the only issue remaining for determination is whether Defendant's operation of the vehicle was unlawful because Defendant was intoxicated.

Defendant testified that, on the date of the accident, he was suffering from a sore throat.  He testified that he consumed a portion of a bottle of Ny-Quil[3] while driving from New Iberia, Louisiana to Houston, Texas.  He testified that he stopped, at a convenience store outside Houston, Texas, because his throat continued to be sore.  He testified that he drank a mixed drink of bourbon and Diet Coke and continued toward his home in Friendswood, Texas.

Defendant testified that he does not know how much alcohol was in his mixed drink, and does not know how much Ny-Quil he consumed.  Defendant testified that he did not believe he was intoxicated.

---

[2]This amount totals $33,497.84.  Entry of the judgment was not barred by the automatic stay, because the automatic stay terminated by operation of Section 362(c)(2)(C) of the Bankruptcy Code when discharge was entered on July 25, 2006.

[3]The court notes that Ny-Quil contains alcohol.

3

Defendant testified that, shortly before he reached the subdivision in which he lives, he heard "a little rumble on the side of my truck." He testified that he stopped in his subdivision, and stayed with Plaintiff until police arrived. He testified in his deposition that a sample of his blood was drawn at a hospital after the collision. (Plaintiff's Exhibit 3).

Derek Sanders, a chemist and toxicologist employed by the Pasadena, Texas police department, testified that he analyzed Defendant's blood sample in accordance with standard procedures. He testified that he prepared a report of his findings. The report, which was admitted into evidence, shows the presence of alcohol at the concentrations of 0.119 and 0.120 grams per 100 milliliters of blood. (Plaintiff's Exhibit 1).[4]

## Conclusions of Law

Section 523(a)(9) of the Bankruptcy Code provides that the discharge does not discharge an individual debtor from any debt:

> (9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the

---

[4]Defendant objected to admission of the lab report into evidence, on grounds Defendant believed he was not under arrest when the blood sample was taken, and thus the taking of the blood sample was in violation of the Texas Transportation Code. Defendant has presented no authority for the proposition that the use of evidence obtained in violation of state law is inadmissible in a civil matter. A similar argument was presented to the United States Supreme Court in U.S. v. Janis, 428 U.S. 433 (1976). In that case, the Court held that the exclusionary rule does not apply in civil matters.

>     debtor was intoxicated from using alcohol, a drug, or
>     another substance.

11 U.S.C. § 523(a)(9).

The parties have stipulated that the only issue remaining for determination is whether Defendant's operation of the vehicle was unlawful because Defendant was intoxicated.

Under the Texas Penal Code, a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.  Tex. Penal Code § 49.04(a).

Under the Texas Penal Code, "Intoxicated" means:

>     (A)  not having the normal use of mental or physical
>     faculties by reason of the introduction of alcohol, a
>     controlled substance, a drug, a dangerous drug, a
>     combination of two or more of those substances, or any
>     other substance into the body; or
>
>     (B)  having an alcohol concentration of 0.08 or more.

Tex. Penal Code § 49.01(2).

Under the Texas Penal Code, "Alcohol concentration" means the number of grams of alcohol per (A) 210 liters of breath; (B) 100 milliliters of blood; or (C) 67 milliliters of urine."  Tex. Penal Code § 49.01(1).

In the instant case, the court concludes that Defendant's operation of the motor vehicle was unlawful because Defendant was intoxicated.  Defendant testified that he consumed an unknown amount of alcohol, and the test of his blood shows an amount of alcohol defined under the Texas Penal Code to constitute intoxication.  The court concludes that Defendant's

debt to Plaintiff is excepted from discharge.[5]

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on June 27, 2007.

*[signature]*
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

---

[5] This court does not reach the question as to the amount of the claim.  This court notes that there is a dispute among the parties as to whether the judgment of the state court impermissibly altered the result of the jury's findings.  Such dispute may be raised, to the extent permissible under state law, in a court of competent jurisdiction for review of the state court judgment.